UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY**

       Plaintiff(s),

    *- against -*

GABRIELE BELLINI

       Defendant(s).

***DISCOVERY ORDER***

7:20-CV-733 (PED)

    In order to facilitate the progress of pre-trial discovery of this litigation in a just, speedy and inexpensive manner, to insure compliance with the case management plan, and to prevent the accumulation of unresolved discovery issues, the following procedures will be followed for the resolution of discovery disputes:

    The party objecting to disclosure, claiming an insufficient response to a discovery request, or asserting a privilege bears the burden of coming forward by bringing the dispute to the attention of the court as hereinafter set forth.

    The objecting party has **3 business days** from the date the dispute arises to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within **3 business days**, the objecting party then has **5 business days** to bring the issue to the attention of the court by a letter brief limited to two (2) double spaced pages. Opposing parties have **5 business days** thereafter to submit a two (2) page double spaced answering brief. If appropriate, counsel may annex to the letter briefs relevant portions (only) of relevant documents. Written replies will not be accepted. If the court deems it necessary the parties will have an opportunity to make oral replies to points made in the letter briefs on the return day of the matter.

    When a legal privilege is asserted as a basis for refusing to comply with a discovery demand, the party asserting the privilege has **3 business days** to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the party asserting the privilege then has **5 business days** to bring the issue to the attention of the court by a letter brief limited to two (2) double spaced pages, accompanied by a written statement by counsel providing all information required to be in full compliance with Local Civil Rule 26.2 and an in camera submission of legible copies of any written material, and a written statement setting forth the sum and substance of any oral statement to which the privilege is asserted. If disclosure of the information required by Local Civil Rule 26.2 would result in a revelation of privileged information, the party asserting the privilege shall file the information in camera with the court, and serve a redacted copy on the adverse party. Opposing parties have 4 business days to serve and file an answering two page double spaced letter brief. No written replies will be accepted. If the court deems it necessary the parties will have an opportunity to make oral replies to points raised in the letter briefs on the return day of the matter.

    Any failure to comply with the terms of this order by not filing objections to discovery or assertions of privilege in accordance with the time constraints and in the form required by this

order may result in waivers of legal rights and privilege.

A dispute arises on the day when the discovery request or discovery response objected to is received by the adverse party. The time for asserting privilege starts 4 business days from the day when counsel for the objecting party receives the documents from his or her client, but in no event more than 30 days from the date when the documents are demanded, unless otherwise ordered by the court.

The time limitations set forth herein and in scheduling orders made by the court are to be strictly observed, and the parties and counsel are **not** authorized to extend any of the set time limitations without the prior approval of the court.

On matters assigned for pre-trial supervision any party wishing to file objections to a discovery ruling entered orally on the record shall, on the date of the ruling, order a transcript of the record setting forth the ruling, on a **two (2) day expedited basis.** The party shall have **fourteen (14) days** from the date of the receipt of the record to file the objections with the assigned District Judge. A failure to file the objections in accordance with these directions may result in a failure to file timely objections.

The attention of counsel and the parties is respectfully directed to Federal Rule of Civil Procedure 30 (d) regarding the conduction of depositions. If a privilege objection is raised at a deposition counsel are directed to contact chambers by telephone from the deposition for rulings.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: **Jun 16, 2020**

SO ORDERED:

Hon. Paul E. Davison
United States Magistrate Judge

6/16/20