USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MASSACHUSETTS MUTUAL LIFE　　　　　　Docket No.:7:20-CV-00733
INSURANCE COMPANY,

　　　　　　　　　　　Plaintiff,
　-against-　　　　　　　　　　　　　　　　　**STIPULATED**
　　　　　　　　　　　　　　　　　　　　　　**PROTECTIVE ORDER**

GABRIELE BELLINI,

　　　　　　　　　　　Defendant.
----------------------------------------------------------------X

　　　　Pursuant to Federal Rule of Civil Procedure 26(c), and to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is hereby **ORDERED**:

　　　1.　　This Protective Order shall apply to *Massachusetts Mutual Life Insurance Company, v. Gabriele Bellini.*, Civil Action Docket No.:7:20-CV-00733, in the United States District Court for the Southern District of New York (the "Litigation").

　　A.　　**"Confidential" Documents and Information**

　　　2.　　This Protective Order shall apply to documents or portions thereof, and to information contained therein, which any party, producing person, or entity designates as "Confidential" in the manner described below. A producing person or entity may designate as "Confidential Material" only information entitled to such protection under applicable law. Any designation of materials as "Confidential" must be made in good faith and in accordance with applicable law. In addition, the following documents shall

be deemed "Confidential" and subject to the provisions of this Protective Order without the requirement of further designation and marking, as set forth below:

    (a)    Any document containing Protected Health Information ("PHI") as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA");

    (b)    Any patient files, including file jacket and contents which may include but are not limited to visit notes, photographs/videos/text, operative reports, discharge summaries, radiological films, copies, prints and extracts, medical record abstracts (*e.g.*, history, physical operative reports, consult reports), pathology reports, radiology reports, laboratory reports, entire patient medical records, psychological reports or profiles, diagnostic test results, billing statements, claim forms, , prescriptions, and referrals;

    (c)    Any tax returns; and,

    (d)    Any underwriting manual or claim handling guidelines.

Notwithstanding the designation of documents or information described above in Paragraph 2(a) and (b) as "Confidential," that designation may be challenged in the same manner as challenges are made to any other documents or information so designated.

    3.    Except as set forth above, parties and nonparties shall designate "Confidential" information by marking the word "CONFIDENTIAL" on the face of the relevant documents and on each page containing "Confidential" information. By identifying any document as "Confidential," the designating party does not admit that the document is relevant to the parties' claims or defenses or admissible at trial.

    4.    Any party to this Litigation may designate as "Confidential" documents—or portions thereof—produced by any other party or nonparty. Subject to the

provisions of Paragraph 10, the party choosing to make the designation shall give written notice to all other parties as soon as practicable after production is made, but no later than fourteen (14) days after receipt of the production that contains the documents that it intends to designate as "Confidential." Notice by the party choosing to designate as "Confidential" documents or information produced by another party or a nonparty shall identify the specific reasons why the documents or information are entitled to confidential treatment under applicable law and the provisions of this Protective Order.

5. Except with the prior written consent of (i) the party or other person who originally designated and/or stamped as "Confidential" a document produced in this Litigation; or (ii) the party who originally designated as "Confidential," pursuant to Paragraph 4, information produced by other parties or nonparties or as hereinafter provided under this Protective Order, no document or information produced and designated as "Confidential" under this Protective Order may be disclosed to any person or entity except as set forth in this Protective Order.

6. For purposes of this Protective Order, the term "document" means all written, electronic, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise and shall include but is not limited to interrogatory answers, transcripts of examinations under oath, depositions, pleadings, exhibits, responses to requests for admission, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to

discovery requests or subpoenas that quote, summarize, or contain material entitled to protection.

7. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases, or programs stored on computers, disks, networks, or tapes) ("Computerized Material") is produced by any person or entity in such form, the producing person or entity may designate such matter as "Confidential" by cover letter referring specifically to such matter. Whenever any person to whom Computerized Material designated as "Confidential" is produced reduces such material to hard-copy form, such person shall mark "CONFIDENTIAL" on the face of the relevant documents and on each page containing "Confidential" information.

B. **Permissible Disclosures of "Confidential" Documents or Information**

8. "Confidential" documents and information may be disclosed to: (i) the parties to this Litigation; (ii) counsel for the parties in this Litigation; (iii) the partners, associates, secretaries, paralegals, assistants, and employees of such counsel; (iv) persons or entities that are clearly identified in the document as an author, addressee, carbon-copy recipient, or blind carbon-copy recipient; (v) court officials, mediators, or arbitrators involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); and (vi) any other person mutually agreed upon by the parties. Subject to the provisions of Paragraph 9, such documents may also be disclosed to:

(a) any person designated by the Court in the interest of justice, upon such terms as the Court may deem just and proper;

(b) witnesses and/or potential witnesses – including but not limited to non-parties to whom subpoenas are directed – to the extent reasonably necessary to obtain testimony, obtain documents, or determine the witness's or potential witness's knowledge as it pertains to this Litigation;

(c) consultants, experts and/or others contacted or retained for the purpose of assisting counsel in the Litigation; and

(d) entities and employees of entities involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data.

9. In all such cases where disclosure is to be made to any person or entity listed in Paragraph 8(a)-(d), such individual or entity must sign the Confidentiality Agreement annexed hereto as Exhibit A prior to receiving any "Confidential" documents or information. Any individual or entity listed in Paragraph 8(a)-(d) that refuses to sign Exhibit A shall not be permitted to have access to or view the "Confidential" documents or information. The attorney making or seeking to make the disclosure shall maintain each executed Confidentiality Agreement in his or her files, and will produce the same upon written demand of any other party.

C. **Declassification**

10. Notwithstanding the designation of documents or information described above in Paragraph 2 as "Confidential," any "Confidential" designation may be challenged as set forth herein. If any party to the Litigation disputes that any document or portions thereof and/or any information contained therein is "Confidential," that party (the "Objecting Party") shall give written notice to the party that made the

designation (the "Designating Party") identifying the specific reasons as to why the documents or information are not entitled to confidential treatment under the Federal Rules of Civil Procedure ("Objection"). The Designating Party shall respond to the Objecting Party in writing within fourteen (14) days following receipt of the Objection. Within three (3) days following receipt of the Designating Party's response, the parties shall attempt to resolve by agreement the question of whether or on what terms the document in question is entitled to confidential treatment. If the parties are unable to agree as to whether the document in question or portions thereof are "Confidential," the parties shall follow the dispute resolution procedures set forth in the Court's Discovery Order (Doc. 24). Until a resolution of the dispute is achieved either through (a) consent, or (b) Court order, all parties shall treat the documents in question as "Confidential."

D.   Use of "Confidential" Documents or Information in a Deposition

11. A deponent may be shown and examined about a "Confidential" document or information during a deposition if the deponent is the author or a named recipient of the document or if the applicable provisions of Paragraph 10 are met. If a "Confidential" document is entered as an exhibit to the deposition, it shall be kept under seal. Unless provided in a manner authorized under this Protective Order, deponents shall not retain or copy any "Confidential" document that is provided to them during the course of their deposition.

12. Subject to the provisions of Paragraph 11, parties and deponents may, within 21 days after receiving the official deposition transcript, designate pages of the

transcript (and exhibits thereto) as "Confidential." "Confidential" information within the deposition transcript may be designated by providing written notice to all other parties of the page and line numbers that contain "Confidential" information. If a "Confidential" designation is made, the "Confidential" portions and exhibits shall be subject to the terms of this Protective Order and may only be accessed and reviewed in accordance with the terms contained in this Protective Order.

E. **Use of "Confidential" Documents or Information at a Hearing or Trial**

13. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. "Confidential" documents or information may be offered in evidence at trial or any Court hearing, provided that such documents or other information shall be retained under seal by the Court or the trier of fact, if the Court so determines, and be subject to the terms of this Protective Order. Any party may also move the Court for an order that the evidence be received *in camera* or pursuant to any other conditions to prevent unnecessary disclosure. Nothing contained in this Paragraph shall prohibit any party from moving the Court for an order that the party may deem appropriate regarding the use of "Confidential" documents at a Court hearing or trial.

F. **Use of "Confidential" Documents and Information in Legal Documents**

14. A party that seeks to file any pleading, motion, brief, memoranda, or other paper that contains "Confidential" information must comply with Section 6 of the Southern District of New York's Electronic Case Filing Rules and Instructions, and this Order shall serve as a stipulated order for the purposes of that Section. Consistent with

Section 6, only those portions of Court filings containing "Confidential" information shall be filed under seal. The public version of the document shall be as complete as possible, but the filing party may redact the "Confidential" material or refer to it in a way that does not reveal the "Confidential" information. A courtesy copy of the filing containing the "Confidential" material shall be delivered to the Court and a full copy of any such sealed submission shall be served upon counsel for the parties. Such service may be effected by e-mail. Nothing contained herein limits a producing party's use or disclosure of its own discovery material.

15. If any party objects to identified portions of the materials remaining under seal, it shall state its objections in an electronically delivered letter to the appropriate counsel of record. The interested parties shall promptly meet-and-confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly bring the dispute to the Court for resolution pursuant to the Court's Discovery Order (Doc. 24).

G. Use

16. Persons obtaining access to "Confidential" documents or information under this Protective Order shall use the "Confidential" information only for purposes of this Litigation (including any and all subsequent proceedings in this Litigation, such as appeal), and shall not use such information for any other purpose.

17. In the event that any person or entity referred to in Paragraph 8 of this Protective Order is served with legal process purporting to require the disclosure of any "Confidential" information (the "Disclosing Entity") by any person or entity not covered by this Protective Order, including, without limitation, other insurance carriers,

state, local, or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone, email, and/or facsimile, as soon as practicable prior to the requested disclosure to the party, entity, or person that designated the information "Confidential" to afford that party, entity, or person an opportunity to intervene. The Disclosing Entity shall not disclose the "Confidential" information for a period of at least ten (10) days in order to allow such party, entity, or person to take the steps necessary to preserve the confidentiality of such information or document.

18. Nothing in this Protective Order (including, without limitation, paragraphs 16 and 17) shall prohibit, restrict, or require an authorization for the retention, use, or disclosure of nonpublic medical information and records by Massachusetts Mutual Life Insurance Company ("MassMutual") as authorized or as reasonably required by federal or state law or regulation, or court order or rule (including preservation of evidence relevant to litigation under court rules such as *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004)).

H.   **Termination**

19. The provisions of this Protective Order shall not terminate at the conclusion of this Litigation. However, within 120 days after final conclusion of all aspects of this Litigation (including all appeals), except as otherwise provided in paragraph 20, "Confidential" documents and all copies (including excerpts) shall be returned to the party or person that produced such documents or, at the option of the producer, be destroyed. Counsel shall be entitled to retain pleadings and the exhibits

9

thereto, affidavits, motions, briefs, or other papers filed with the Court, as well as any memoranda, notes, or other work product, even if they contain "Confidential" information, so long as counsel protects that information consistent with the terms of this Protective Order.

20. Confidential records retained by MassMutual shall be destroyed at the earliest date that permits MassMutual to comply with its retention obligations under applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and MassMutual's regular business practices for destruction of documents.

### I. Modification Permitted

21. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

### J. Responsibility of Attorneys

22. The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of "Confidential" documents.

### K. No Waiver

23. Review of the "Confidential" documents and information by counsel, experts, or consultants for the parties in the Litigation shall not waive the confidentiality of the documents or objections to production.

24. The inadvertent, unintentional, or *in camera* disclosure of "Confidential" documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality, as to the documents themselves, or as to any other documents or information not disclosed. When the inadvertent or unintentional disclosure of "Confidential" documents is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall treat such documents in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Nothing contained in this Paragraph shall prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional, or that the documents at issue are not subject to this Protective Order.

25. The intentional disclosure of a "Confidential" document in a manner in violation of or inconsistent with the terms of this Protective Order shall be submitted to the Court for consideration of appropriate relief. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the "Confidential" documents sought.

L. **HIPAA**

26. The following special treatment is to be provided to any document which contains PHI of any party or non-party:

>  (a) Pursuant to the provisions of HIPAA, this Order extends to all HIPAA protected content and will operate in place of authorizations by those individuals whose files are the basis of the action at bar;

11

(b) The parties are prohibited from using or disclosing the protected PHI for any purpose other than the Litigation; and

(c) The parties shall return to the covered entity or destroy the PHI (including all copies made) at the end of the Litigation. In the event a party elects to destroy the PHI, it shall supply to the covered entity a sworn affidavit verifying the destruction. In no event shall any original, protected PHI be destroyed. All original PHI shall be returned to the covered entity.

27. The parties agree that, based on the provisions set forth in Paragraph 24(a)-(c), this Protective Order is a "qualified protective order" as defined by HIPAA. 45 CFR 164.512(e)(1)(v).

### M. Third-Party Productions

28. The protections under this Protective Order extend to any information or documents produced by any third-parties pursuant to a subpoena served by any party to this litigation.

**SO STIPULATED.**

Dated: September 16, 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ Eric F. Au
Eric F. Au
Nolan B. Tully
One Logan Square, Suite 2000
Philadelphia, PA 19103
(215) 988-2700
Eric.au@faegredrinker.com
Nolan.tully@faegredrinker.com

*Attorneys for Massachusetts Mutual Life Insurance Company*

Dated: September 16, 2020

**GOLDBERG, MILLER & RUBIN**

By: /s/ Harlan R. Schreiber
Harlan R. Schreiber
1501 Broadway, Suite 715
New York, NY 10036
(646) 863-1531
hschreiber@gmrlawfirm.com

*Attorneys for Gabriele Bellini*

SO ORDERED:

Hon. Paul E. Davison
United States Magistrate Judge
9/16/20

12

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, state the following:

1.    I have read and understand the attached Protective Order and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

2.    I shall not use or disclose to others, except in accordance with the Protective Order, any "Confidential" documents or information. If I fail to abide by the terms of this Confidentiality Agreement or the Protective Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Confidentiality Agreement.

Date: _____   _____
                                                                                       Signature